609 F.Supp.2d 1380 (2009)
In re: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DFERRED EXCHANGE LITIGATION.
Anita Hunter, et al.
v.
Edward H. Okun, et al., N.D. California, C.A. No. 5:07-2795
Quirk Infiniti, Inc.
v.
Wachovia Bank, N.A., D. Massachusetts, C.A. No. 1:08-12060.
MDL No. 2028.
United States Judicial Panel on Multidistrict Litigation.
April 15, 2009.
Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

*1381 TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel: Plaintiffs in the Northern District of California Hunter action have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of California or, alternatively, the District of Nevada. The trustee in bankruptcy proceedings in the Southern District of New York involving the nonparty debtor entities that facilitated the 26 U.S.C. § 1031 exchanges in question supports plaintiffs' motion. Plaintiff in the District of Massachusetts Quirk Infiniti action supports centralization in the District of Nevada or, alternatively, the District of Massachusetts. Defendant the San Francisco Series of Lockton Companies, LLC, supports centralization in the Southern District of New York. Defendant Wachovia Bank, N.A., and related entities[1] (collectively Wachovia) oppose centralization in favor of allowing the respective district courts to decide their motions to transfer the actions for all purposes, pursuant to 28 U.S.C. §§ 1404 or 1412, to the Southern District of New York. In the alternative, Wachovia suggests centralization in the Southern District of New York.
This litigation currently consists of two actions pending, respectively, in the Northern District of California and the District of Massachusetts. The two actions are similar purported class actions brought on behalf of individuals and entities that sought to enter into a Section 1031 tax-deferred exchange and entrusted money to facilitate the exchange with a qualified intermediary owned or controlled by Edward H. Okun.[2] Subsequently, the class members lost their investment due to alleged misconduct by various defendants, including Wachovia, where most such funds were deposited. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary. On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.
Wachovia argues against centralization on the grounds that transfer under Sections 1404 or 1412 would be preferable to Section 1407 centralization. This is certainly a reasonable argument. Nevertheless, accepting Wachovia's argument could delay resolution of this controversy, as both district judges decide the respective transfer motions. Even if the actions were both transferred to the Southern District of New York, there could be delay while the new judge or judges assigned to the actions become familiar with this controversy. Likewise, denial of either of Wachovia's transfer motions could engender delay, as the Panel may be asked to revisit the question of Section 1407 centralization. Centralizing these actions now under Section 1407 should streamline resolution of this litigation to the overall benefit of the parties and the judiciary.
We are persuaded that the Northern District of California is an appropriate transferee forum. The Northern District of California is where the first-filed and *1382 most procedurally advanced action is pending. By centralizing this litigation before Judge James Ware, we are assigning this docket to a seasoned jurist to steer this litigation on a prudent course.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of Massachusetts is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the action pending in that district.
NOTES
[1] Wachovia Exchange Services, Inc.; Wachovia Capital Markets, LLC; Wachovia Financial Markets, Inc.; and Wachovia Mortgage Corp.
[2] Among these qualified intermediaries are the following: Atlantic Exchange Co., LLC; Security 1031 Services, LLC; Real Estate Exchange Services, Inc.; National Exchange Services QI, Ltd.; Investment Exchange Group, LLC; and 1031 Advance, Inc.